Per Curiam.

It appears by the accounts of the appellant, that he has expended for the use of Elizabeth Longley and the appellee, more than the income of the property directed to be invested and held in trust; and the first question is, whether this is conformable to the will. We are of opinion that he had no right to spend more than the income, for several reasons ; and first, because there was a remainder ' over. If Elizabeth Longley had been the sole party in interest after the death of the appellee, her consent would operate as a strong argument in favor of the trustee ; but she was not. There were cross remainders to the children of the two cestuis que trust, and a final remainder to the heirs of the testator. Secondly, there is a provision that until the fund should be raised, the income of the real estate should be first applied to the support and education of the appellee, and that any surplus should be otherwise appropriated.
With regard to the sum of $ 500, it was intended to be paid to the appellee upon his arriving at the age of twenty-one, if the trustee should deem it expedient; and this was to depend on the circumstances at that time. But if it should have been determined that this sum was not to be raised and paid to the appellee, only the income of the trust fund was to be applied to his use. The sum in question was not to be resorted to for the payment of expenses incurred before he became of age.
The appellee objects to the right of the trustee to charge a compensation for his services. In England and New York the objection would be sustained ; but from an early period a different practice has prevailed in this Commonwealth. The trustee is entitled to a reasonable compensation.[1]
In regard to opening the accounts, it appears that the appellant has settled two as executor and one as trustee, and that a second is presented by him as trustee, for allowance. Each subsequent account takes up a balance from the preceding one, *127 and they all form one chain of accounts. There are several charges in the two accounts presented by the appellant as trustee, which properly should be made against the testator’s estate ; and it will be best to refer all the accounts to an auditor, not for the purpose of setting either of them aside, but to give the appellee an opportunity to surcharge and falsify.

 See Dixon v. Homer, 2 Metc. 420; Rathbun v. Colton, 15 Pick. 472; Hayward v. Ellis, 13 Pick. 279.